IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

CARY CASSEL,

            **Plaintiff,**

v.

EZ COM LLC,

            **Defendant.**

Case No. 23-CV-309-JFH-SH

### OPINION AND ORDER

On July 20, 2023, Plaintiff Cary Cassel ("Plaintiff") filed a pro se Complaint against Defendant Ez Com, LLC ("Defendant") asserting that Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-209 ("FLSA") and seeking damages arising out of Defendant's filing of a fraudulent information return in violation of 26 U.S.C. § 7434. Dkt. No. 1. Plaintiff simultaneously filed a Motion for Leave to Proceed in Forma Pauperis ("Motion"). Dkt. No. 2.

Based on the representations made by Plaintiff, the Court finds that Plaintiff's Motion [Dkt. No. 2] should be GRANTED. Plaintiff is accordingly permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only the *prepayment* of fees, Plaintiff remains obligated to pay the full filing fee when he can do so. *Id.* See *Brown v. Eppler*, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that the obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for any litigant is excuse *pre-payment* of fees" (quoting *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir.1997))).

When a party is permitted to proceed in forma pauperis, the Court has authority to dismiss the action if, at any time, it appears the action fails to state a claim on which relief can be granted.

*See* 28 U.S.C. § 1915(e)(2).[1] Although a pro se litigant's pleadings will ordinarily be viewed more liberally than those of their represented counterparts, a court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1175 (10th Cir. 1997). Dismissal is proper where a pleading is so deficient that the Plaintiff "cannot make a rational argument on the law and facts in support of his claim." *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir.1987) (quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1434 (10th Cir.1986)).

Dismissal of this action is warranted because Plaintiff's Complaint consists of nothing more than labels and conclusions. *Cf. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (recognizing that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based," and that a plaintiff must set forth factual allegations concerning the elements that are essential to his claim). With respect to the FLSA claim, Plaintiff summarily asserts that Defendant "knowingly forced [employees] to start a company," "mislabel[ed] [employees] for tax evasion" and engaged in acts constituting "wrongful termination, fraud (failure to keep workers [compensation])," failure to pay for accidents, "harassment at work," and "EEOC violations." Dkt. No. 1 at 1. Plaintiff further concludes that Defendant engaged in misclassification, wage theft, payroll fraud, wrongful termination, and harassment, and that Defendant failed to pay wages, send tax documents, and submit appropriate returns to the Internal Revenue Service. *Id.* at 1-2. These allegations describe the *types of claims* Plaintiff may seek to assert, but he they do not set forth the *specific facts* that would permit the Court to determine whether the FLSA claims should be permitted to proceed.

---

[1] The Tenth Circuit has held that, notwithstanding the statute's reference to "prisoners," the terms of § 1915 apply to all persons proceeding in forma pauperis, not just those in custody. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Plaintiff's claim for damages pursuant to 26 U.S.C. § 7434 is similarly flawed. Plaintiff claims that Defendant submitted fraudulent filings and/or failed to send appropriate tax documents. *See* Dkt. No. 1 at 1-2. But Plaintiff has not identified the fraudulent filings or the documents that Defendant failed to submit, nor can Plaintiff make a "rational argument on the law and facts in support of [the § 7434] claim" based on the contents of the Complaint. *Yellen*, 828 F.2d at 1475 (quoting *Van Sickle*, 791 F.2d at 1434).

The liberal construction afforded to pro se plaintiffs is not a license for the Court to supply missing facts and arguments on a plaintiff's behalf. *Whitney*, 113 F.3d at 1175. Plaintiff "requires no special training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall*, 935 F.2d at 1110. Because Plaintiff has failed to provide such facts, the Complaint is dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis [Dkt. No. 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint [Dkt. No. 1] is DISMISSED WITHOUT PREJUDICE.

Dated this 5th day of September 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE